IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AQUI'SHA MARRERO, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KRA CORPORATION and KNOWLTON | : | |
| R. ATTERBEARY | : | NO. 09-cv-2516-JF |

MEMORANDUM

Fullam, Sr. J.                                              February 23, 2010

   Plaintiffs have sued their employer, KRA Corporation, and its president and chief executive officer, Knowlton R. Atterbeary, alleging that they were denied overtime pay in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("MWA"). Plaintiffs seek to have the lawsuit conditionally certified as a collective action. I will grant the motion.

   The FLSA authorizes collective actions where the complaining employees are "similarly situated" and they consent in writing to participate in the lawsuit. 29 U.S.C. § 216(b). At this preliminary stage of the proceedings, I need only determine whether the proposed class of plaintiffs is "similarly situated." Parker v. Nutrisystem, Inc., No. 08-1508, 2008 WL 4399023, at *1 (E.D. Pa. Sept. 26, 2008). As my colleague Chief

Judge Bartle has noted, the standard is "extremely lenient" and the Court does not assess the merits of the claim at this time.

Plaintiffs have met this standard to certify conditionally a class of "Career Agents" employed by KRA Corporation during any week in the past three years. Several former such employees have submitted declarations asserting that they, and others, often worked more than 40 hours in a week without receiving overtime compensation, even though they spent the majority of their time performing non-executive, non-administrative, and non-professional tasks.

Plaintiffs have also submitted a standardized job description for the "Career Agents" employed at the Philadelphia, Pennsylvania and Tidewater, Virginia locations, which shows that the position is the same in more than one location.

After discovery is completed, plaintiffs will have to meet a higher level of proof, and certification may be reconsidered at that time.

An order will be entered.

BY THE COURT:


/s/ John P. Fullam
John P. Fullam,   Sr. J.